[Cite as *In re M.G.B.-E.*, 2019-Ohio-753.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | : | CASE NO. CA2018-10-016 |
| | : | O P I N I O N |
| M.G.B.-E. | | 3/4/2019 |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20155012

The Law Offices of Jason A. Showen, LLC, Jason A. Showen, 324 East Warren Street, Lebanon, Ohio 45036 for appellee

Rion, Rion & Rion, L.P.A., Inc., Bradley D. Anderson, Kevin M. Darnell, 130 West Second Street, Suite 2150, Dayton, Ohio 45402 for appellant

**M. POWELL, J.**

{¶ 1} Appellant, the biological father of M.G.B.-E., appeals a decision of the Clinton County Court of Common Pleas, Probate Division, finding that his consent was not required for the adoption of his daughter by her stepfather.

{¶ 2} When Father and Mother divorced in November 2004, Mother was awarded custody of the couple's two children and Father was awarded visitation.[1] Mother stopped

---

1. This case initially involved stepfather's petitions to adopt both children. The couple's oldest child reached the age of 18 during the course of this case and the case now only involves the petition to adopt M.G.B.-E.

allowing visitation and made allegations of abuse against Father and his relatives. Problems between the parties and legal proceedings regarding visitation continued for several years. Ultimately, the domestic relations court issued an order that Father's parenting time should resume after Father and the children engaged in therapy to help the transition of the children to spending time again with Father.

{¶ 3} Counseling had not commenced as of late 2008. Thus, the domestic relations court dismissed the pending proceedings for want of prosecution and father's visitation was never resumed. Mother changed the children's last names, moved several times and remarried. Father, who also remarried, claims that for many years he did not know the children's whereabouts until a babysitter saw his son at a sporting event in 2014 and he was then able to determine where the children attended school and lived.

{¶ 4} Father filed a motion in the domestic relations court on May 14, 2015 to reestablish parenting time. Four days later, stepfather filed a petition in probate court to adopt the children and claimed Father's consent was not necessary because Father had failed, without justifiable cause, to have more than de minimis contact with the children in the year preceding the petition to adopt.

{¶ 5} The probate court found that Father's consent was not required for the adoption and this court affirmed on appeal. *In re M.G.B.-E.*, 12th Dist. Clinton No. CA2016-06-017, 2016-Ohio-7912. However, the Ohio Supreme court determined that the probate court had erred in failing to consider the Father's pending parenting proceedings in domestic relations court and remanded the case for the probate court to consider those proceedings in determining whether the Father failed without justifiable cause to have contact with his children. *In re M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787.

{¶ 6} At a subsequent hearing, the parties disagreed regarding which domestic relations court case records the probate court should consider on remand. Stepfather

argued that the court should only consider filings in the domestic relations court which occurred prior to the date the adoption petition was filed. Father argued that the probate court should consider all filings in domestic relations court up to the date of the hearing on remand.

{¶ 7} On August 30, 2018, the probate court issued a decision in which it determined that it should only consider domestic relations court filings up to the date of the original hearing on the adoption petition. The probate court further stated that it had considered the domestic relations court's filings up to the date of the original hearing on the adoption petition and had again determined that Father's consent to the adoption was not required.

{¶ 8} Father now appeals the probate court's decision on remand and raises the following three assignments of error for our review:

{¶ 9} THE TRIAL COURT ERRED BY FAILING TO CONSIDER, CONSISTENT WITH THE SUPREME COURT'S OPINION, THE FATHER'S ACTIONS IN THE DOMESTIC RELATIONS COURT TO REESTABLISH PARENTING TIME.

{¶ 10} THE TRIAL COURT ERRED BY RULING THAT FATHER'S CONSENT WAS NOT NECESSARY WITHOUT MAKING ANY FINDINGS, OR EVEN ADDRESSING, WHETHER STEPFATHER PROVED BY CLEAR AND CONVINCING EVIDENCE THAT FATHER'S LACK OF DE MINIMIS CONTACT WAS WITHOUT JUSTIFIABLE CAUSE.

{¶ 11} TO THE EXTENT THAT THE TRIAL COURT RULED THAT FATHER'S LACK OF DE MINIMIS CONTACT WAS WITHOUT JUSTIFIABLE CAUSE, THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 12} R.C. 3107.07(A) provides that a parent's consent to the adoption of his child is not required if the probate court finds that the parent has failed without justifiable cause to provide more than de minimis contact with the child for at least one year immediately

preceding the filing of the adoption petition. Even if a parent has completely failed to communicate with his child during the one-year statutory period, his consent will still be required if there is justifiable cause for the failure. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 367.

{¶ 13} In his first assignment of error, Father argues that the trial court erred when it failed to consider filings in the domestic relations court case up to the date of the remand hearing. As mentioned above, the probate court determined that it would only consider the filings to the date of the original hearing on the adoption petition.

{¶ 14} In its decision remanding the case to the probate court to consider the domestic relations court parenting proceedings, the Ohio Supreme Court held that "strictly construing R.C. 3107.07(A) in favor of Father requires the probate court to take into account Father's efforts to reestablish parental rights and responsibilities through the domestic relations court during the year preceding the filing of the adoption petitions, as well as Mother's efforts to impede Father's contact with the children." *In re M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787 at ¶ 40.

{¶ 15} The supreme court determined that the probate court erred in failing to consider Father's efforts to enforce his parental rights prior to the filing of stepfather's petition, as these efforts were relevant. *Id.* at ¶ 43. The supreme court then discussed the fact that Father could have done more to protect and nurture his relationship with the children, but also discussed the fact that Mother has "a history and ongoing pattern of impeding Father's opportunities to develop and maintain a relationship with the children, reaching back to the time of the parents' divorce." *Id.* at ¶ 44.

{¶ 16} The supreme court also reviewed Mother's history of impeding Father's parenting time with the children, then discussed the fact that "Mother and Father continue to actively litigate the question of Father's parenting time." *Id.* at ¶ 45. The supreme court

continued by discussing the fact that the probate court had failed to consider the domestic relations court proceedings or orders despite Father's proffer. *Id.* The supreme court took judicial notice of the domestic relations court filings, including the fact that a magistrate has found Mother in contempt of court for interfering with Father's parenting time and that Mother had "actively and intentionally interfered with the children's relationship with" Father. *Id.*

{¶ 17} The Ohio Supreme Court further reviewed the fact that the probate court "put a lot of weight [on] the fact that the father dropped the ball" in the parenting action in 2008. However, the supreme court determined that Father's "failure to engage a therapist nearly ten years ago does not, by itself, determine the question of justifiable cause" and that after learning where the children attended school, Father made efforts to reinsert himself in the children's lives. *Id.* at 46. The court concluded that "[f]acing resistance from Mother, as he has from the outset of their divorce, Father appropriately turned to the domestic relations court with a motion to reestablish parenting time." The supreme court concluded that the domestic relations proceedings should be a factor in determining whether Father's consent to the adoption is required.

{¶ 18} Some of the domestic relations court filings referred to by the Ohio Supreme Court postdate the original hearing on the adoption petition. Similarly, this court has previously held that when considering whether a custodial parent has substantially interfered with the noncustodial parent's efforts at communication with a child, the probate court is not restricted to focusing solely on the one-year statutory look-back period established by R.C. 3107.07(A). *In re A.L.S.*, 12th Dist. Butler No CA2017-09-146, 2018-Ohio-507, ¶ 23.

{¶ 19} Given the Ohio Supreme Court's consideration of domestic relations court events after the original hearing, along with the fact that the probate court should strictly

construe the statute in favor of protecting the Father's parental rights as a natural parent, we hold that a probate court is not restricted to considering only evidence arising during the one year look-back period in its determination of whether a parent's consent to adoption is required. In so holding, we do not extend the one year look-back period but recognize that evidence arising either before or after that period may provide relevant context for the events occurring within the look-back period. We find that the probate court erred in failing to consider all the relevant evidence in the domestic relations court action as of the time of the remand hearing. We therefore find merit to Father's first assignment of error.

{¶ 20} In his second assignment of error, Father argues that the probate court erred by finding his consent was not necessary without making findings that his lack of communication with the child was without justifiable cause.

{¶ 21} As mentioned above, the Ohio Supreme Court remanded the case for the probate court to consider the domestic relations court findings in determining whether Father's failure to communicate was without justifiable cause. On remand, the probate court stated that it had considered the domestic court proceedings to the date of the original hearing, and then simply stated, "'this [c]ourt still finds that the biological father's consent is not necessary as no contact or de minimis contact at best by the natural father [D.H.]" [sic]. The probate court then discussed the fact that the father failed to schedule counseling after the divorce and no action was taken to see his children until the domestic relations court motion in 2015.

{¶ 22} The probate court's decision neither mentions nor addresses the issue of justifiable cause. Nothing in the probate court's decision gives any indication that the probate court considered the issue of whether Mother had interfered or impeded Father's attempts to communicate with the children. As mentioned by the Ohio Supreme Court, Mother has a history and an ongoing pattern of impeding Father's opportunities to have a

relationship with his children. *M.G.B.-E.*, 2018-Ohio-1787, at ¶ 44. Moreover, the Ohio Supreme Court specifically stated that "Father's failure to engage a therapist nearly ten years ago, does not, by itself, determine the question of justifiable cause." *Id.* at ¶ 46.

{¶ 23} Although we have already determined the probate court erred in failing to consider all of the domestic relations court evidence, we further find that the probate court's decision does not provide an adequate basis for this court to determine whether the court followed the remand order that it should consider and weigh the evidence and determine the issue of justifiable cause. We, therefore, find merit to Father's second assignment of error.

{¶ 24} In conclusion, we find the trial court erred in failing to consider all of the domestic relations court evidence and failed to issue a decision that reflects consideration of the issue of justifiable cause for Father's failure to communicate. Accordingly, Father's first and second assignments of error are sustained. As the case must be remanded for the probate court to consider additional evidence, Father's third assignment of error, which involves consideration of the manifest weight of the evidence is moot. The judgment of the probate court is reversed and remanded.

{¶ 25} Judgment reversed and remanded.

HENDRICKSON, P.J. and S. POWELL, J., concur.