[Cite as *In re B.N.S.*, 2020-Ohio-4413.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| B.N.S., et al. | : | CASE NOS. CA2020-03-034 |
| | | CA2020-03-035 |
| | : | CA2020-03-036 |
| | : | |
| | | O P I N I O N |
| | : | 9/14/2020 |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2014-1000

Law Offices of Jason A. Showen, LLC, Jason A. Showen, 324 East Warren Street, Lebanon, Ohio 45036, for appellants

The Lampe Law Office, LLC, M. Lynn Lampe, Stephen J. Otte, 9277 Centre Pointe Drive, Suite 100, West Chester, Ohio 45069, for appellees

**S. POWELL, J.**

{¶ 1} Appellants, the biological mother of B.S., K.S., and H.L. ("Mother") and the biological father of B.S. and K.S. ("Father" or collectively referred to with Mother as "Parents"), appeal the decision of the Butler County Court of Common Pleas, Juvenile Division ("the Juvenile Court"), granting Appellee's ("Grandfather") motion to stay the proceedings in the Juvenile Court pending the outcome of related adoption proceedings in

the Warren County Court of Common Pleas, Probate Division ("the Probate Court").[1] H.L.'s biological father ("R.L.") did not appeal the Juvenile Court's decision.

{¶ 2} In September 2014, Grandfather filed for the temporary custody of B.S., K.S., and H.L. in the Juvenile Court. The complaints indicated that Grandfather sought the temporary custody of the children "until [Mother] gets back on her feet." Parents consented to the change in custody of B.S. and K.S., and Mother and R.L. consented to the change in custody of H.L.

{¶ 3} In October 2014, after a hearing, the Juvenile Court placed the children in the legal custody of Grandfather. In its written decision, the Juvenile Court also indicated Parents' and R.L.'s visitation with the children would be "at the discretion of [Grandfather]."

{¶ 4} In June 2019, Grandfather initiated adoption proceedings for the children by filing petitions of adoption in the Probate Court ("the Adoption Case"). In the petitions, Grandfather claimed the consent of neither Parents nor R.L. was required due to their lack of contact with the children over the preceding year.

{¶ 5} In September 2019, three months after Grandfather initiated the Adoption Case in the Probate Court, Parents moved the Juvenile Court to modify their visitation and parenting time ("Visitation Case"). In their motion, Parents requested the Juvenile Court to order an alternate parenting schedule with the children that is in the children's best interests, and not solely controlled by Grandfather.

{¶ 6} In December 2019, Grandfather moved the Juvenile Court to stay any further hearings regarding parenting issues and to relinquish its jurisdiction to the Probate Court.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

In his motion, Grandfather indicated such a stay was proper in light of the pending Adoption Case in the Probate Court. Grandfather further claimed that it was "likely" his petitions for adoption would be granted in the Adoption Case, and that "it would not be in the minor [children's] best interest[s] to proceed with * * * the motion for visitation while that matter is pending." The Juvenile Court held a hearing on Grandfather's motion, and ordered the parties to submit written memoranda regarding Grandfather's request for stay and relinquishment. Thereafter, in January 2020, Parents filed a memorandum in opposition to Grandfather's motion, and Grandfather filed a memorandum in response.

{¶ 7} In February 2020, the magistrate issued a decision and order granting Grandfather's motion to stay and to relinquish jurisdiction. The magistrate's decision ordered that all further proceedings in the Visitation Case were to be stayed, and that the Juvenile Court "hereby relinquishes jurisdiction of [the Visitation Case] to the [Probate Court], pending the outcome of the adoption proceedings in said court." The decision further stated that "if the matter is not resolved with finality in the Probate Court, counsel may at that time file to reset the pending matters for further proceedings before [the Juvenile Court]."

{¶ 8} Parents filed objections to the magistrate's decision. The Juvenile Court overruled their objections and adopted the magistrate's decision in its entirety.

{¶ 9} Parents now appeal, raising two assignments of error for our review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN STAYING JUVENILE COURT PROCEEDINGS, PENDING THE OUTCOME OF AN ADOPTION IN A NEIGHBORING COUNTY'S PROBATE COURT.

{¶ 12} In their first assignment of error, Parents claim the trial court abused its discretion and committed plain error in staying the Visitation Case in Butler County pending the resolution of the Adoption Case in Warren County.

{¶ 13} The determination of whether to issue a stay rests within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion. *In re Goff*, 11th Dist. Portage No. 2003-P-0068, 2003-Ohio-6087, ¶ 19. An abuse of discretion is more than an error in judgment or law and connotes that the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} In granting Grandfather's motion to stay, the Juvenile Court stated the following:

> In this case, the filing in the [P]robate [C]ourt occurred first. Nothing has been filed with this court between 2014 and the present. If [Parents] had filed in this court prior in time to the filing of the adoption petition in [P]robate [C]ourt, then this court would exercise its continuing jurisdiction, and the [P]robate [C]ourt would be mandated to consider the parent's legal action as part of its deliberations. To permit the converse is tantamount to allowing the filing of peripheral motions to delay an otherwise proper determination of the rights of the parties. The [J]uvenile [C]ourt is not mandated to go forward with the visitation motion. Instead, it makes more sense to await the determination of the probate court regarding the adoption proceedings.

Parents initially argue the Juvenile Court's decision to stay the Visitation Case until a determination has been made in the Adoption Case is an abuse of discretion and plain error because its decision is based upon inapplicable and irrelevant case law, i.e., *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787.

{¶ 15} In *In re Adoption of M.G.B.-E.*, the appellant-father filed a motion in the domestic relations court to reestablish parenting time with his two children. Four days later,

- 4 -

the children's stepfather filed adoption petitions in the probate court. While both matters remained pending, the probate court determined that the father's consent to the adoption was not required, and did not mention the father's pending motion to reestablish parenting time or the proceedings in the domestic relations court that preceded the probate court's hearing.

{¶ 16} On appeal to the Ohio Supreme Court, the court rejected the father's argument that "a probate court may not proceed with an adoption petition if any pending parenting matter is proceeding in another court." *Id.* at ¶ 1. Instead, the court reiterated that "when a parenting issue pending in a juvenile or domestic-relations court does not affect a probate court's ability to determine the statutory prerequisites for adoption, we have not required the probate court to refrain from exercising its exclusive jurisdiction over adoption proceedings." *Id.* at ¶ 35, citing *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Common Pleas Court, Probate Div.,* 250 Ohio St.3d 230, 2016-Ohio-7382, ¶ 41. The court continued and indicated that although the probate court could proceed in the adoption case, it was required to take into account the father's efforts to reestablish his parental rights and responsibilities through the domestic relations court during the year preceding the filing of the adoption petitions. *Id.* at ¶ 40, citing *In re Adoption of Schoeppner*, 46 Ohio St.2d 21, 24 (1976).

{¶ 17} The Ohio Supreme Court also concluded that the jurisdictional-priority rule, which applies when cases in multiple courts of concurrent jurisdiction involve the same parties and when either the causes of action are the same or the cases present part of the same whole issue, did not apply. *Id.* at ¶ 25, citing *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, ¶ 24, 29. Specifically, the court stated that because the

probate court and the domestic relations court are not courts of concurrent jurisdiction; the domestic-relations court lacks the ability to adjudicate adoption petitions; and the proceedings did not involve the same parties; the jurisdictional-priority rule did not apply, and the probate court was not precluded from proceeding on the adoption petitions. *Id.*

{¶ 18} Based upon the court's holding in *In re Adoption of M.G.B.-E.*, Parents argue the jurisdictional-priority rule does not apply here and that the Juvenile Court was not precluded from proceeding in the Visitation Case. After review, we agree. Specifically, the priority doctrine does not apply where two courts have exclusive jurisdiction over different issues. *Id.* at ¶ 27. It is well settled that the probate court has exclusive jurisdiction over adoption petitions. *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, ¶ 9. By contrast, the juvenile court has jurisdiction of issues related to custody and parenting time. R.C. 2151.23(A)(2). Consequently, because the Probate Court has jurisdiction over Grandfather's adoption petitions, and the Juvenile Court has jurisdiction over Parents' motion, the two courts are not courts of concurrent jurisdiction and the jurisdictional-priority rule does not apply in this case. As a result, we find the Juvenile Court was not precluded from proceeding in the Visitation Case or from considering Parents' motion. *In re Adoption of M.G.B.-E.,* 2018-Ohio-1787 at ¶ 27.

{¶ 19} However, although the Juvenile Court was permitted to consider Parents' motion, it was not required to continue the Juvenile Court proceedings after learning of the Adoption Case. Rather, we find that it was within the court's discretion to defer consideration of Parents' motion, and to stay the Visitation Case entirely, until the resolution of the Adoption Case. First, although Parents claim the Juvenile Court's reasoning is "not explained," it is clear the court elected to stay the Visitation Case pending the outcome of

the Adoption Case because Grandfather filed his petitions for adoption first, and the Probate Court's decision on those petitions could be dispositive of the issues raised in Parents' motion. That is, if the Probate Court grants Grandfather's adoption petitions, the final adoption decree will terminate the Juvenile Court's jurisdiction and will permanently terminate Parents' parental rights. *In re Adoption of A.L.S.*, 12th Dist. Butler No. CA2017-09-146, 2018-Ohio-507, ¶ 13. Because such an outcome is possible, it would be unnecessary to continue proceedings in the Juvenile Court which could be rendered moot by the outcome of the Adoption Case in Probate Court. As stated by the Juvenile Court in its decision and entry, such simultaneous proceedings in the Juvenile Court would simply delay an otherwise proper determination of the rights of the parties and could subject the children to more litigation than necessary. Consequently, because Grandfather's petitions for adoption were filed first, and a determination regarding those petitions could dispose of the parenting issues pending before the Juvenile Court, we find it was within the Juvenile Court's discretion to stay the proceedings in the Juvenile Court pending the outcome of the Adoption Case.

{¶ 20} We also reject Parents' argument that the trial court's decision to stay the Visitation Case interferes with Parents' fundamental right to a hearing and their right to seek parenting time with their children. We recognize that the right of a natural parent to the care and custody of his child is one of the most precious and fundamental in law. *In re Adoption of: A.N.L.*, 12th Dist. Warren Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239, ¶ 50. However, that right must be balanced against the state's interest in protecting the welfare of the children. *Id*.

{¶ 21} In 2014, Grandfather was granted legal custody of the children and any

visitation with Parents was at Grandfather's discretion. Despite the change in legal custody to Grandfather, Parents retained certain rights related to the children, including the privilege of reasonable visitation, consent to adoption, the privilege to determine the children's religious affiliation, and the responsibility for support. R.C. 2151.011(B)(48).

{¶ 22} According to the record, Parents did not seek a modification of their parenting time or the custody order for approximately four years. After filing their motion in 2019, Grandfather moved the Juvenile Court to stay its proceedings and to relinquish its jurisdiction to the Probate Court, as his adoption petitions were already pending. The Juvenile Court held a hearing, and ultimately ordered the parties to submit written arguments regarding Grandfather's request for stay and relinquishment. After consideration of the parties' written memoranda and the record, the Juvenile Court elected to stay the proceedings in the Juvenile Court pending the outcome of the adoption proceedings in Warren County. The Juvenile Court further noted that "[i]f the matter is not resolved with finality in the Probate Court, counsel may at that time file to reset the pending matters for further proceedings before this court."

{¶ 23} Based on the above, we do not find the Juvenile Court abused its discretion or deprived Parents of any fundamental rights when it stayed the proceedings. Specifically, although the Juvenile Court deferred consideration of Parents' motion at this time, it did so after Parents had an opportunity to be heard on Grandfather's motion to stay and in order to allow the adoption proceedings to conclude before addressing Parents' motion. As noted above, if the Probate Court grants Grandfather's adoption petitions, the final adoption decree will terminate the Juvenile Court's jurisdiction and will permanently terminate Parents' parental rights. Thus, continuing the proceedings in both the Probate Court and

Juvenile Court could be unnecessary and subject the children to more litigation than necessary. Such an outcome is not in the children's best interest.

{¶ 24} Furthermore, in allowing the Probate Court to proceed in the Adoption Case, the Juvenile Court has not eliminated Parents' ability to be heard on the matter. Rather, due to the finality and serious import of adoption, the law accords protections to a natural parent when the adoption of a child is proposed, including an opportunity to be heard, before any parental rights are terminated. *In re Greer*, 70 Ohio St.3d 293, 298 (1994). Thus, Grandfather's adoption petitions can only be granted, thereby terminating Parents' parental rights and the Juvenile Court's jurisdiction, after Parents have an opportunity to be heard in the Probate Court.

{¶ 25} Moreover, while the Juvenile Court deferred consideration of Parents' motion, it expressly afforded Parents the ability to reset the matter for further proceedings in the Juvenile Court if the matter was not resolved in its entirety in the Probate Court. Thus, although the outcome of the Adoption Case may render Parents' motion moot, Parents have the ability to be heard in the Juvenile Court in the event all parenting time and visitation issues are not resolved. As such, we conclude the Juvenile Court did not violate Parents' fundamental rights, or limit their ability to be heard, in issuing the stay order.

{¶ 26} Lastly, we are not persuaded by Parents' argument that, based upon the holding in *In re Adoption of M.G.B.-E.*, Parents' motion must be considered in the analysis of the of the Adoption Case in Warren County.

{¶ 27} According to the record, Grandfather alleged in his adoption petitions that Parents' consent to the adoption was not required because Parents had "failed without justifiable cause to provide more than de minimis contact with [the children] or to provide

for the maintenance and support of [the children] as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A). Because adoption terminates fundamental rights of the natural parents, the Ohio Supreme Court has held that any exception to the requirement of parental consent to adoption must be strictly construed so as to protect the right of natural parents to raise and nurture their children. *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, ¶ 12. Thus, in construing R.C. 3107.07(A), a court is obliged to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights. *Id.*

{¶ 28} In *In re Adoption of M.G.B.-E.*, the court indicated that when "strictly construing R.C. 3107.07(A) in [the father's] favor, and remaining cognizant that parents facing the termination of their parental rights must be afforded every protection the law allows, we conclude that [the father's] efforts to enforce his parental rights, *prior to the filing of [stepfather's] adoption petitions*, are relevant [to the adoption proceedings]." *Id.* (Emphasis added.) Thus, based upon the holding in *In re Adoption of M.G.B.-E.*, Parents claim the resolution of their motion, which is an effort to enforce their parental rights, is relevant to the Adoption Case. We disagree.

{¶ 29} First, as noted by the Juvenile Court, *In re Adoption of M.G.B.-E.* is factually distinguishable from the case at hand. Specifically, that case discusses the authority of a probate court to proceed on an adoption petition when preexisting matters concerning the parenting or parentage of a child are pending in another court. Due to the timing of the adoption petition, the court indicated that the probate court was required to consider all of the father's efforts to enforce his parental rights before the filing of the stepfather's adoption

petitions. As such, the father's visitation motion filed in the domestic relations court prior to the filing of the adoption petition was deemed relevant. Similar facts are not present here. Rather, in the instant matter, Parents' filed their motion to modify their parenting time several months after Grandfather had filed his adoption petitions in Warren County. Thus, unlike the father's motion for visitation in *In re the Adoption of M.G.B.-E.*, Parents' motion has no bearing on whether Parents failed without justifiable cause to provide more than de minimis contact with the children in the year preceding the filing of the adoption petitions. Moreover, because Parents filed their motion after Grandfather filed the adoption petitions, their motion is not indicative of any effort by Parents to enforce their parental rights before the filing of the Adoption Case and is therefore, not relevant to the adoption proceedings. As a result, the Probate Court is not required to consider the outcome of Parents' motion in the Adoption Case, and the Juvenile Court's decision not to immediately consider or rule upon Parents' motion was not unreasonable.

{¶ 30} In light of the above, we find the Juvenile Court did not abuse its discretion in staying the Juvenile Court's proceedings pending the outcome of the Adoption Case. Accordingly, Parents' first assignment of error is overruled.

{¶ 31} Assignment of Error No. 2:

{¶ 32} THE TRIAL COURT ERRED IN RELINQUISHING JURISDICTION OF THIS CASE TO THE WARREN COUNY (SIC) PROBATE COURT PENDING THE OUTCOME OF THE PENDING ADOPTION PROCEEDINGS.

{¶ 33} In their second assignment of error, Parents argue the Juvenile Court abused its discretion and committed plain error in relinquishing jurisdiction of the Visitation Case to the Probate Court pending the outcome of the Adoption Case.

- 11 -

{¶ 34} In the Juvenile Court's decision, the court states it "hereby orders that further proceedings, in this case, shall be stayed, and the court hereby relinquishes jurisdiction of this case to the [Probate Court], pending the outcome of the adoption proceedings in said court." Parents claim this language effectively transfers the Visitation Case to the Probate Court, and thereby gives the Probate Court unauthorized authority to determine Parents' motion. We disagree with Parents' interpretation of the Juvenile Court's order. Rather, when considering the Juvenile Court's order in its entirety, we find the order does not "relinquish its jurisdiction" to the Probate Court, but merely affords the Probate Court the opportunity to proceed on Grandfather's adoption petitions, which were filed before Parents' motion, and stays the Juvenile Court proceedings until the adoptions are either granted or denied by the Probate Court. In the event the adoptions are denied by the Probate Court, thereby leaving the issues set forth in Parents' motion undecided, the Juvenile Court expressly retained jurisdiction and directed Parents to reset the pending matters for further proceedings in the Juvenile Court. Such an order does not allow the Probate Court to determine Parents' motion, but instead, recognizes that the outcome of the adoption proceedings may render Parents' motion moot in its entirety. Thus, although the Juvenile Court utilizes the phrase "relinquishes jurisdiction," it is evident from a reading of the court's order in its entirety that it is simply deferring its ability to proceed until the adoption proceedings conclude. Such a deferral is not unreasonable or arbitrary, nor is it an abuse of discretion. Accordingly, Parents second assignment of error is overruled.

{¶ 35} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.