[Cite as *In re Adoption of E.G.C.*, 2021-Ohio-4178.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| THE ADOPTION OF E.G.C. | : | CASE NO. CA2021-07-022 |
| | : | O P I N I O N<br>11/29/2021 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20195020

Andrew T. McCoy, Clinton County Prosecuting Attorney, for appellee.

Peterson Law Office, and Shaun D. Peterson, for appellant.

Smith, Meier & Webb, LPA, and Andrew P. Meier and Chase T. Kirby, for appellee.

**PIPER, P.J.**

{¶1}  Appellant, T.C. ("Stepfather"), appeals a decision of the Clinton County Court of Common Pleas, Probate Division, dismissing his petition to adopt his stepchild, E.G.C.[1]

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for purposes of issuing this written decision.

{¶2}    Our court has previously considered this case after the probate court originally found that consent to adopt was not needed from E.G.C.'s biological father ("Father") because he had only de minimis contact with the child for over a year.  *In re E.G.C.*, 12th Dist. Clinton No. CA2020-09-014, 2021-Ohio-276, ¶ 1.  However, we remanded the issue to the probate court with instructions for the court to determine pursuant to R.C. 3107.07(A) whether Father's lack of contact with the child was justifiable.

{¶3}    The factual background of the case remains the same as in the first appeal. The child was born in 2012 and lived with her mother ("Mother") and Father, who as a couple did not marry.  When the child was approximately 18 months old, Mother moved out of the residence she and Father shared.  Thereafter, Father maintained visitation with the child, including alternating weekends and some weekdays.  Father married S.T. ("Wife") in April 2016, which marriage lasted six months.

{¶4}    Father saw the child for the last time in 2017.  From that point forward, Father did not send any letters, cards, or presents to the child, and Father did not visit her.  The child's paternal grandparents spoke to the child through Skype or FaceTime on a few occasions, and Father may have been present in the background but there was no communication between Father and the child during those exchanges.  At some point Father moved to Pennsylvania where he remained for at least a year before moving back to Clinton County.

{¶5}    At some point in 2017, Mother became uncomfortable with allowing Father to see the child unless supervised because Wife told Mother that Father had engaged in inappropriate conduct with the child such as taking showers naked with her and Father watching "daddy/daughter porn."

{¶6}    Mother married Stepfather in June 2018.  Approximately a year later, Stepfather filed a stepparent adoption petition in the probate court.  Stepfather alleged that

Father's consent was not required because Father had not seen the child in more than one year. The probate court held a hearing to determine whether Father's consent was necessary for the adoption. The probate court subsequently issued an entry deciding that Father's consent to Stepfather's adoption of the child was not necessary because Father had only de minimis contact with the child in the year prior to the filing of the petition. However, the probate court did not determine whether the lack of contact was justifiable as required by statute. As such, this court remanded the matter for the probate court to address whether Father's lack of contact with the child was justifiable.

{¶7} During the pendency of the proceedings on remand, Clinton County Children Services filed an amended report regarding Stepfather's adoption petition. Originally, the agency recommended approval of Stepfather as an adoptive parent. However, the agency filed an amendment to the report noting that it could no longer recommend approval of Stepfather because he had previously been convicted of a drug-related felony. Upon receiving the amended report, the probate court summarily dismissed Stepfather's petition without a hearing and without first complying with this court's remand instructions to determine if Father's lack of contact had been justifiable.

{¶8} Stepfather now appeals the probate court's decision, raising three assignments of error. However, we address only Stepfather's first assignment of error, as we find it dispositive of the appeal.[2]

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT ERRED IN DISMISSING THE CASE WITHOUT A HEARING BASED UPON THE CORRECTED JOB AND FAMILY SERVICES' ASSESSOR'S CORRECTED REPORT.

---

2. Given our decision on Stepfather's first assignment of error, his remaining two assignments are not ripe for review.

{¶11} In his first assignment of error, Stepfather argues that the probate court erred in dismissing his adoption petition without a hearing. As we stated in the previous appeal, the law in Ohio is clear regarding the proper statutory steps that must be followed when adoption of a child is at issue.

{¶12} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re Adoption of C.M.F.*, 12th Dist. Butler Nos. CA2013-06-090 and CA2013-06-091, 2013-Ohio-4719, ¶ 8. An adoption permanently terminates those parental rights of a natural parent. *In re L.C.W.*, 12th Dist. Butler No. CA2014-08-169, 2015-Ohio-61, ¶ 10. Thus, Ohio law requires parental consent to an adoption unless a specific statutory exception exists. *In re Adoption of C.E.S.*, 12th Dist. Butler Nos. CA2020-07-069 thru CA2020-07-071, 2020-Ohio-6902, ¶ 19. "[A]ny exception to the requirement of parental consent to adoption must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re B.N.S.*, 12th Dist. Butler Nos. CA2020-03-034 thru CA2020-03-036, 2020-Ohio-4413, ¶ 27.

{¶13} As determined in the previous appeal, the relevant exception is based upon R.C. 3107.07(A), wherein consent to an adoption is not required upon a finding by clear and convincing evidence that the biological "parent has failed without justifiable cause to provide more than de minimis contact with the minor * * * for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶14} Ohio law is clear that in order to find R.C. 3107.07(A) applicable and that consent is not required, the probate court must engage in a two-step analysis. *In re J.F.M.*, 12th Dist. Butler No. CA2016-03-044, 2016-Ohio-4823, ¶ 11. As applicable to the case sub judice, the probate court must first determine whether the parent failed to engage in more than de minimis contact with the minor. *Id.* Second, the probate court must determine

whether the parent had "justifiable cause" for the failure to contact the minor. *Id.*

{¶15} The petitioner bears the burden of proving each element by clear and convincing evidence. *In re Adoption of O.J.B.*, 12th Dist. Warren No. CA2020-01-004, 2020-Ohio-4184, ¶ 10. After the petitioner has established the parent's lack of contact or support, the parent bears the burden of going forward with evidence to show a facially justifiable cause for the failure, although, the burden of proof remains on the petitioner. *In re Adoption of J.F.M.*, 12th Dist. Butler No. CA2016-03-044, 2016-Ohio-4823, ¶ 11.

{¶16} Should a probate court determine that a biological parent's lack of contact was not justifiable, that parent's consent to the adoption is no longer necessary because R.C. 3107.07(A) applies and consent is not required. At that point, the probate court's statutory duty is to consider whether adoption by the petitioner is within the child's best interests. *In re Adoption of A.L.S.*, 12th Dist. Butler No. CA2017-09-146, 2018-Ohio-507. According to the statutes that govern probate courts in the adoption proceeding, the court's determination regarding the best interest of a child in a contested adoption proceeding must be made after consideration of the factors provided in R.C. 3107.161. *In re Adoption of A.M.L.*, 12th Dist. Warren No. CA2015-01-004, 2015-Ohio-2224, ¶ 9. According to that provision,

> the court shall consider all relevant factors, which include, but are not limited to, all of the following:
>
> (1) The least detrimental available alternative for safeguarding the child's growth and development;
>
> (2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;
>
> (3) The wishes of the child in any case in which the child's age and maturity makes this feasible;
>
> (4) The duration of the separation of the child from a parent;
>
> (5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the

conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;

(6) The likelihood of safe reunification with a parent within a reasonable period of time;

(7) The importance of providing permanency, stability, and continuity of relationships for the child;

(8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(9) The child's adjustment to the child's current home, school, and community;

(10) The mental and physical health of all persons involved in the situation;

(11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense involving any act that resulted in a child being abused or neglected [or other specific crimes].

{¶17} The person contesting an adoption petition has the burden of providing "material evidence needed to determine what is in the best interest of the child" and the burden of establishing "that the child's current placement is not the least detrimental available alternative." R.C. 3107.161(C). For these purposes, "least detrimental available alternative" means "the alternative that would have the least long-term negative impact on the child." R.C. 3107.161(A). However, the petitioner retains the burden of proving that adoption is in the best interest of the child.

{¶18} The record indicates that the probate court made an initial determination pursuant to the statute that Father had only de minimis contact with the child for the year prior to Stepfather's adoption petition. The probate court was then required to determine whether Father's lack of contact was justifiable. If not justifiable, Father's consent is not required, and the probate court must determine if Stepfather's adoption of the child is in her best interests.

{¶19} Instead of following the proper statutory steps outlined above, the probate court dismissed Stepfather's petition after the child services agency modified its recommendation. However, an agency's recommendation does not relieve the probate court of its statutory duty to perform the process delineated above, nor does it undermine the probate court's discretion in the adoption matter.[3] Thus, on remand, the probate court shall first determine whether Father's de minimis contact with the child was justifiable. The probate court shall then take whatever additional steps are required by statute to rule upon Stepfather's adoption petition. Stepfather's first assignment of error is, therefore, sustained.

{¶20} Judgment reversed and the matter is remanded for further proceedings.

S. POWELL and BYRNE, JJ., concur.

---

3. The agency's opinion on suitability issued pursuant to R.C. 3107.031 is not determinative of a judicial judgment as to the child's best interests.

- 7 -