[Cite as *In re Adoption of K.C.K.*, 2026-Ohio-10.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| | | CASE NO. CA2025-05-008 |
| ADOPTION OF K.C.K. | : | |
| | | <u>OPINION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| | | 1/5/2026 |
| | : | |
| | : | |
| | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PA20230211

Smith & Webb, Attorneys, and Jesse R. Clark, for appellant.

Ferguson Legal Group, Ltd., and Anthony C. Satariano, for appellee.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1}   Appellant, Tracy Knisley ("Stepmother"), the stepmother of K.C.K., appeals

from a decision of the Fayette County Court of Common Pleas, Probate Division ("Fayette

Probate Court"), which determined that appellee, Kendi Jordan ("Mother"), the biological mother of K.C.K. must consent before Stepmother can adopt K.C.K. Finding no error in Fayette Probate Court's decision, we affirm.

## I. Facts and Procedural History

### *Factual Background*

{¶ 2}  K.C.K. was born on April 30, 2013. Mother and John Knisley ("Father") were never married. Stepmother became K.C.K.'s stepmother in April 2018, upon her marriage to Father.

{¶ 3}  The record reflects that Mother's third child was born with neonatal abstinence syndrome (drug withdrawal); this led to the involvement of a children's services agency. On November 18, 2018, the Highland County Juvenile Court ("Highland Juvenile Court") awarded custody of K.C.K. to Father and granted Mother visitation rights.

{¶ 4}  On November 7, 2023, Stepmother filed a petition to adopt K.C.K. in the Fayette Probate Court.[1] The petition alleged that Mother's consent to the adoption was not required because she had failed to maintain more than de minimis contact with the child and had failed to provide support for the one-year period preceding the filing of the petition.

### *Hearing and Related Testimony*

{¶ 5}  The Fayette Probate Court held a hearing on May 22, 2024, to determine whether Mother's consent to the adoption was required. Mother testified that she exercised Highland Juvenile Court-ordered supervised visitation from February 2020 until September 2021, after which the supervised visits were discontinued. The parties

---

1. Stepmother filed an amended petition on December 4, 2023. Father and Stepmother live with K.C.K. in Fayette County, but Mother lives in Highland County, which is why courts in both jurisdictions are involved in various aspects of the matters relevant to this case.

thereafter agreed to deviate from the Highland Juvenile Court order and operated under a verbal agreement permitting Mother unsupervised visitation that generally mirrored the standard parenting time. That arrangement continued until June 24, 2022—the last time she had any contact with K.C.K.

{¶ 6}  On that date, Father and Stepmother invited Mother and her fiancé to a private meeting to "air grievances" regarding co-parenting issues. Although the meeting initially appeared productive, the relationship later deteriorated. Father and Stepmother subsequently informed Mother that she would not be permitted to have visitation with K.C.K. for the foreseeable future due to concerns about her mental health.

{¶ 7}  On July 6, 2022, Mother texted Father to ask when she could see K.C.K., but Father responded that there would be "no further visitation at this time." Mother testified that she was hospitalized multiple times in August and September 2022 for mental health issues, including psychosis. She explained that she did not pursue visitation during that period because she continued to experience mental health symptoms and believed discontinuing her visits was in the child's best interest at that time.

{¶ 8}  Mother testified that in December 2022, she mailed a Christmas card to K.C.K. She further testified that she sent Father multiple text messages requesting to see or speak with the child but received no response. According to Mother, she also attempted to contact K.C.K. on his birthday, but her call to Father went unanswered. Mother stated that her condition improved in the spring of 2023 after she began a new medication and that she thereafter made efforts to reunify.[2]

{¶ 9}  Mother additionally testified that she filed a motion in the Highland Juvenile

---

2. We note the record reflects that although Mother was in arrears on her child support obligation, she had nevertheless made consistent payments. The Fayette Probate Court therefore found that Mother provided more than de minimis support.

Court to reestablish parenting time. Before that motion was resolved, Stepmother filed the petition for adoption.

{¶ 10} The record shows that on March 26, 2024, the Highland Juvenile Court issued an order, by agreement of the parties, permitting Mother to exercise parenting time with K.C.K. at the Highland County Advocacy Center. On May 3, 2024, Mother filed a motion for contempt, alleging that Father had failed to take the necessary steps to register and complete the orientation process required to facilitate visitation. The Highland Juvenile Court found Father in contempt of its prior order, characterizing his explanation for noncompliance as "disingenuous at best" and finding he had taken steps to slow-walk Mother's visitation.

{¶ 11} Stepmother was the only other witness to testify. She stated that K.C.K. had been in her and Father's care since December 2018 and confirmed that Mother was permitted visitation as previously described until June 2022, when concerns arose regarding Mother's behavior. Stepmother further testified that her last contact with Mother occurred in July 2022, and that she did not change her phone number or address, attributing the lack of subsequent contact to Mother.

*Fayette Probate Court's Decision*

{¶ 12} In a decision issued on May 9, 2025, the Fayette Probate Court determined that Mother's consent to the adoption was required. Although the court observed that Mother was "teetering on the edge of not maintaining sufficient contact" with K.C.K., it concluded that her effort to reinstate visitation through the Highland Juvenile Court constituted justifiable cause for her lack of contact during the relevant period.

{¶ 13} In reaching this decision, the Fayette Probate Court considered the parties' prior agreement in the Highland Juvenile Court proceedings concerning visitation and noted that the parties had agreed that reinstated visitation was in K.C.K.'s best interest.

- 4 -

The court also questioned the nature of the parties' communications and found that Father and his attorney appeared to have misled Mother in a manner that may have delayed her efforts to reestablish contact with the child. Based on these findings, the court concluded that Mother's reliance on the legal process was reasonable and, therefore, that her consent to the adoption was required.

{¶ 14} Stepmother now appeals that decision, raising two assignments of error for review.

## II. Appeal

*Parental Rights and Applicable Statutory Provisions*

{¶ 15} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re Adoption of E.G.C.*, 2021-Ohio-4178, ¶ 12 (12th Dist.). An adoption permanently terminates those parental rights of a natural parent. *In re L.C.W.*, 2015-Ohio-61, ¶ 10 (12th Dist.). Thus, Ohio law requires parental consent to an adoption unless a specific statutory exception exists. *In re Adoption of C.E.S.*, 2020-Ohio-6902, ¶ 19 (12th Dist.). "[A]ny exception to the requirement of parental consent to adoption must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re B.N.S.*, 2020-Ohio-4413, ¶ 27 (12th Dist.).

{¶ 16} One of those statutory exemptions is found in R.C. 3107.07(A). Pursuant to that statute, a natural parent's consent to the adoption of his or her child is not required where the Fayette Probate Court finds by clear and convincing evidence that the parent failed, without justifiable cause, (1) to provide more than de minimis contact with the minor or (2) to provide for the maintenance and support of the minor as required by law or judicial decree, for a period of at least one year immediately preceding the filing of the adoption petition. *In re M.E.F.*, 2019-Ohio-1291, ¶ 12 (12th Dist.).Therefore, under the plain language of the statute, even where a parent has failed to contact his or her child in

- 5 -

the year immediately preceding the adoption petition being filed, or where a parent has failed to provide support and maintenance for his or her child during that one-year period, that parent's consent will still be required so long as there was a justifiable cause for that failure. *In re M.G.B.-E.*, 2019-Ohio-753, ¶ 12 (12th Dist.).

{¶ 17} This creates a two-step analysis: (1) determine whether the parent failed to engage in more than de minimis contact with the child or failed to provide for the maintenance and support to the child in the year immediately preceding the filing of the adoption petition, and (2) determine whether the parent had justifiable cause for the failure to contact the child or provide maintenance and support for the child. *In re Adoption of J.F.M.*, 2016-Ohio-4823, ¶ 11 (12th Dist.). But, even then, it is the petitioner who bears the burden of proving each element by clear and convincing evidence. *In re S.A.N.*, 2019-Ohio-3055, ¶ 8 (12th Dist.). Therefore, "[a]fter the petitioner has established the parent's lack of contact or support, the parent bears the burden of going forward with evidence to show a facially justifiable cause for the failure, although, the burden of proof remains on the petitioner." *In re Adoption of O.J.B.*, 2020-Ohio-4184, ¶ 10 (12th Dist.).

*Standard of Review*

{¶ 18} "An appellate court applies two different standards of review to the Fayette Probate Court's decision on parental consent." *Id*. at ¶ 11. This court applies an abuse of discretion standard of review as it relates to the Fayette Probate Court's decision as to whether a parent's contact with his or her child, or provision of maintenance and support for his or her child, met the statutory standard. *Id*., citing *In re Adoption of M.B.*, 2012-Ohio-236, ¶ 25. An abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable. *In re Adoption of A.L.S.*, 2018-Ohio-507, ¶ 16 (12th Dist.).

{¶ 19} However, as it relates to the Fayette Probate Court's decision on whether a parent had justifiable cause for the failure to contact or provide maintenance and support

to his or her child, this court applies a manifest weight of the evidence standard of review. *In re Adoption of O.J.B.* at ¶ 12. On a manifest weight of the evidence review, this court examines the entire record, weighs the evidence and all reasonable inferences, considers witness credibility, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *In re L.C.W.*, 2015-Ohio-61, at ¶ 14. In applying this standard, however, this court must be mindful that it is the Fayette Probate Court that "is in the best position to observe the demeanor of the parties and assess the credibility and accuracy of the testimony." *In re Adoption of C.A.L.*, 2015-Ohio-2014, ¶ 29 (12th Dist.).

### A. First Assignment of Error

{¶ 20} In her first assignment of error, Stepmother argues that the Fayette Probate Court erred in finding that Mother had justifiable cause for failing to contact K.C.K. during the one-year period immediately preceding the filing of the adoption petition. Stepmother contends that Mother was required to meet a "high bar" to establish justifiable cause and failed to do so. We therefore construe this assignment of error as a challenge to the manifest weight of the evidence. In support of her argument, Stepmother relies primarily on her own testimony that she neither moved nor changed her phone number during the relevant period, yet Mother nonetheless failed to maintain contact with the child.

{¶ 21} Stepmother further asserts that Mother's filing of a motion to reestablish parenting time in the Highland Juvenile Court does not constitute justifiable cause excusing her lack of contact. She characterizes the filing as "effectively her only effort" to reestablish contact and maintains that Mother offered no other legitimate explanation for her failure to communicate with K.C.K. for more than one year prior to the adoption petition. According to Stepmother, the Fayette Probate Court's ruling would improperly

permit a parent to make no efforts at all to contact a child and instead rely on a bare, pro se motion to circumvent the framework of R.C. 3107.07(A).

{¶ 22} We find Stepmother's argument unpersuasive. The Fayette Probate Court did not base its decision solely on Mother's filing of a motion to reestablish parenting time. Rather, the record reflects that Mother testified to multiple attempts to contact K.C.K., including mailing a Christmas card in December 2022 and reaching out to Father multiple times to see or speak with the child. The Fayette Probate Court considered the evidence in light of the proceedings in the Highland Juvenile Court and stated that Father may have misled Mother in a manner that delayed her attempts to reestablish contact—leading the Fayette Probate Court to "question the communications" between the parties. Ultimately, the Fayette Probate Court determined that Mother's attempt to reinstate visitation through the Highland Juvenile Court constituted persuasive evidence of justifiable cause and concluded that Mother's reliance on the legal process was reasonable.

{¶ 23} Nonetheless, Stepmother contends that Mother bore an enhanced burden to prove justifiable cause. However, this court has consistently rejected that position. While a petitioner must first establish a parent's failure to contact the child, the burden of proof does not shift. Instead, the parent must demonstrate some facially justifiable cause for the failure, while the ultimate burden remains with the petitioner. *In re Adoption of M.G.B.-E.*, 2018-Ohio-1787, ¶ 39, citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 ("No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable").

{¶ 24} After a thorough review of the record, we conclude that the Fayette Probate Court did not err in finding that Mother had justifiable cause for failing to contact K.C.K. during the year preceding the filing of Stepmother's adoption petition. *See In re Adoption of C.E.S.*, 2020-Ohio-6902, at ¶ 29. Mother presented evidence that she made attempts

to reestablish contact with K.C.K., culminating in her July 21, 2023, motion to reinstate parenting time. The Fayette Probate Court was in the best position to make this determination. *In re Adoption of C.A.L.*, 2015-Ohio-2014, at ¶ 29. Accordingly, we find the Fayette Probate Court's decision is supported by the manifest weight of the evidence and hereby overrule Stepmother's first assignment of error.

### B. Second Assignment of Error

{¶ 25} In her second assignment of error, Stepmother argues that the Fayette Probate Court erred by considering evidence arising after the filing of the adoption petition. Specifically, she argues that the Fayette Probate Court improperly considered the proceedings in the Highland Juvenile Court that occurred after the petition was filed. According to Stepmother, R.C. 3107.07(A) "could not be more clear" that the only relevant period for determining whether consent is required is the one-year period immediately preceding the filing of the adoption petition, and that consideration of events outside that period is "wholly improper."

{¶ 26} We disagree. A court is not confined to reviewing only the one-year statutory period when determining whether a parent's consent is required. *In re M.G.B.-E.*, 2019-Ohio-753, at ¶ 18-19; *In re Adoption of J.M.M.*, 2021-Ohio-775, ¶ 25 (3d Dist.). As this court has previously recognized, evidence occurring before or after the statutory period may provide relevant context for events within that timeframe. *In re M.G.B.-E.*, at ¶ 19.

{¶ 27} Here, the Fayette Probate Court considered evidence arising after the petition was filed because it directly related to conduct occurring before the petition was filed. Specifically, the court found that Father attempted to delay Mother's contact with K.C.K. Because this evidence bore directly on the circumstances surrounding Mother's lack of contact during the statutory period, the Fayette Probate Court properly considered it.

{¶ 28} Accordingly, Stepmother's second assignment of error is without merit and is overruled.

{¶ 29} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

## JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas, Probate Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge